**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERARD BARON LAWSON,<br><br>                                          Plaintiff,<br><br>v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>                                          Defendant. | Case No.:  3:19-cv-00045-W-JLB<br><br>**ORDER:**<br>**(1) ADOPTING REPORT AND RECOMMENDATION [DOC. 18],**<br>**(2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [DOC. 14], AND**<br>**(3) GRANTING DEFENDANT'S CROSS MOTION FOR SUMMARY JUDGMENT [DOC. 16]** |

Pending before the Court is Plaintiff Gerard Baron Lawson's motion for summary judgement (*Pl.'s MSJ* [Doc. 14]) and Defendant Andrew Saul's, Commissioner of Social Security ("Commissioner"), cross-motion for summary judgement.  (*Cross-MSJ* [Doc. 16].)  On July 2, 2020, Magistrate Judge Jill L. Burkhardt issued a Report and Recommendation ("Report") recommending that this Court deny Plaintiff's motion for summary judgement and grant the Commissioner's cross-motion for summary

judgement. (*See Report* [Doc. 18].) Plaintiff Gerard Baron Lawson timely objected to the Report under Federal Rule of Civil Procedure 72(b)(2). (*See Pl.'s Obj.* [Doc. 19].)

The Court considers the matter on the papers submitted and without oral argument. Civ. L.R. 7.1(d)(1). For the reasons stated below, the Court **ADOPTS** the Report [Doc. 18], **DENIES** Plaintiff's motion for summary judgement [Doc. 14], and **GRANTS** Defendant's cross-motion for summary judgement [Doc. 16].

I.  **BACKGROUND**

Plaintiff is a sixty-one year old man who filed an application for Supplemental Security Income under Title XVI of the Social Security Act on March 16, 2015, alleging disability beginning May 15, 2013. (*Admin. Record* ("AR" [Doc. 11]) 35, 170–79.) After his application was denied initially and upon reconsideration (*AR* 106–11, 115–20), the administrative law judge ("ALJ") also found Plaintiff had not been under a disability from March 16, 2015 through the date of the ALJ's decision (*AR* 13–28). The ALJ's decision became final on October 24, 2018 (*AR* 4–9), and Plaintiff filed this timely civil action on January 8, 2019 (*Compl.* [Doc. 1]).

Plaintiff filed a motion for summary judgement on August 19, 2019 arguing the ALJ's decision should be reversed and the case remanded because the finding that Plaintiff is limited to medium work is not supported by substantial evidence. (*Pl.'s MSJ* [Doc. 14] at 4.) In support of this argument, Plaintiff raised three issues. First, he argued the ALJ improperly found the exact same residual functional capacity ("RFC") as a previous ALJ in 2013 despite Plaintiff's worsening condition. (*Id.* at 4.) Second, Plaintiff asserted the ALJ erred in relying on Dr. Laiken's opinion. (*Id.* at 5.) Third, Plaintiff contended Dr. Milstein's opinion did not support the full range of medium work. (*Id.* at 7.) Accordingly, Plaintiff asked the Court to apply the credit-as-true doctrine and remand for an award of disability benefits. (*Id.* at 9.)

The Commissioner filed a cross-motion for summary judgement on September 19, 2019. (*Cross-MSJ* [Doc. 16].) The Commissioner argued substantial evidence supported

1  the ALJ's medium RFC determination for three reasons. (*Id.* at 5.) First, the
2  Commissioner argued Plaintiff's mental status and physical examinations supported the
3  ALJ's medium RFC determination. (*Id.* at 5–6.) Second, the Commissioner asserted
4  Plaintiff's conservative and effective course of treatment was consistent with the ALJ's
5  RFC determination. (*Id.* at 6.) Third, the Commissioner contented the medical opinion
6  evidence was compatible with the ALJ's RFC determination. (*Id.* at 7.)

7       Plaintiff filed his opposition to the cross-motion for summary judgement on
8  October 15, 2019. (*Pl.'s Opp'n* [Doc. 17].) In his opposition, Plaintiff conceded that the
9  ALJ did not find the exact same RFC as the previous ALJ. (*Id.* at 5.) Plaintiff
10 nevertheless argued that neither Dr. Laiken's nor Dr. Milstein's opinions were consistent
11 with the full range of medium work and thus neither constituted substantial evidence
12 supporting the ALJ's medium RFC determination. (*Id.* at 3–5.)

13      On July 2, 2020, Judge Burkhardt issued the Report. (*Report* [Doc. 18].) The
14 Report found the ALJ erred in relying on Dr. Laiken's opinion because it was improperly
15 based on an application of the presumption of continuing nondisability under <u>Chavez v.
16 Bowen</u>, 844 F.2d 691, 693 (9th Cir. 1988), despite the ALJ's finding that the presumption
17 had been rebutted. (*Id.* at 8.) However, the Report found this error was harmless because
18 it was inconsequential to the ultimate nondisability determination. (*Id.* at 11.) The
19 Report also found that although the ALJ did not err in giving great weight to Dr. Masters'
20 opinion, Dr. Masters' opinion *alone* could not provide substantial evidence to support the
21 ALJ's RFC determination. (*Id.* at 15–16.) However, the Report found Dr. Milstein's
22 opinion supported the ALJ's medium RFC determination and thus constituted substantial
23 evidence because the opinion was consistent with other evidence in the record. (*Id.* at
24 19.) The Report ordered any objections filed by July 17, 2020. (*Id.* at 20.)

25      Plaintiff filed an objection to the Report on July 14, 2020. (*Pl.'s Obj.* [Doc. 19].)
26 In his objection, Plaintiff asserted that neither Dr. Master's nor Dr. Laiken's opinion
27 constituted substantial evidence for the ALJ's decision. (*Id.* at 4.) This assertion is
28 consistent with the Report. (*See Report* [Doc. 18] 15–16.) However, Plaintiff further

argued that Dr. Milstein's opinion was not consistent with medium work as defined by Social Security Ruling 83-10 and thus did not constitute substantial evidence supporting the ALJ's RFC determination. (*Pl's Obj.* at 5–6.)  Plaintiff also argued that because Dr. Milstein's opinion was not consistent with medium work, the hypotheticals the ALJ provided to the vocational advisor were incomplete and illicit. (*Id.* at 7–8.[1])

The Commissioner did not file an opposition to the Report and did not file a reply to Plaintiff's objection.

## II.   LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Federal Rule of Civil Procedure 72(b)(3).  See Fed. R. Civ. P. 72(b)(3).  The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Id.  Upon review, the court "may accept, reject, or modify the recommended disposition."  Id.  The court does not, however, have an obligation to review portions of the magistrate judge's recommendation that are not objected to.  See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.") (emphasis in original).

---

[1] Plaintiff's objection also argued the ALJ should have articulated specific and legitimate reasons for rejecting a treating physician's opinion in favor of non-treating physicians' opinions. (*Pl's Obj.* at 7–8.) This issue was not raised in Plaintiff's motion.  Instead, he argued for reversal and remand on the ground that the ALJ's determination that Plaintiff is limited to medium work is not supported by substantial evidence in the record. (*Report* at 3; *Pl's MSJ* at 4.)  Because Plaintiff did not raise the issue or even mention it in his summary-judgement motion, the Report did not evaluate or make a specific finding regarding the issue.  Accordingly, the Court is precluded from considering it.  See Leatherwood v. Anna's Linens Co., 384 F. App'x 853, 857 (11th Cir. 2010) (parties must specifically identify and pinpoint the specific findings they are objecting to); see also 28 U.S.C. 636(b)(1).

## III. DISCUSSION

### A. Dr. Milstein's Opinion Supports the ALJ's Medium RFC Determination and Constitutes Substantial Evidence.

Plaintiff objects to the Report's finding that Dr. Milstein's opinion supported a full range of medium exertion work. Dr. Milstein opined that Plaintiff could occasionally lift and carry fifty pounds, frequently lift and carry twenty pounds, and continuously lift and carry ten pounds. (*AR* 2079.) He indicated that Plaintiff could—at one time without interruption—sit six hours, stand three hours, and walk one hour. (*Id.* 2080.) Dr. Milstein further stated that Plaintiff could—in total in an eight-hour workday–sit eight hours, stand four hours, and walk two hours. (*Id.*)

The regulations define light and medium work as follows:

> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.
>
> (c) Medium work. Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work.

20 C.F.R. 416.967. Social Security Ruling 83-10 provides that medium work requires "standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday" and that "sitting may occur intermittently during the remaining time." SSR 83-10, 1983 WL 31251, at *6.

Dr. Milstein stated that Plaintiff could stand four hours and walk two hours in total during a full workday. (*AR* 2080.) The ALJ was entitled to combine these numbers to reach six hours total. See Davis v. Berryhill, 743 F. App'x 846, 850 (9th Cir. 2018) (finding that work which entailed "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday" was consistent with a doctor's opinion that a Plaintiff "could stand and walk for six hours a day in combination and up to three hours a day each." Id. (quoting SSR 83-10)). Thus, this Court finds Dr. Milstein's opinion meant Plaintiff could stand and walk for six hours a day.

The issue then becomes one of interpretation. Plaintiff argues SSR 83-10 means one must have the ability to stand or walk for *more* than six hours because one "may" or "may not" not have the opportunity to sit for two hours of the day. (*Pl.'s Obj.* [Doc. 19] at 5.) The Report found reference to medium work encompasses the ability to walk or stand, off and on, approximately six hours in a workday, not more. (*Report* [Doc. 18] at 17.) This Court agrees with the Report.

The plain language of SSR 83-10 and judicial interpretations of the regulation support the view that medium work does not require the ability to stand or walk for more than six hours per workday. First, Dr. Milstein's opinion that Plaintiff could stand and walk for six hours a day in combination matches the very definition of the limits of medium work. See SSR 83-10 ("standing or walking, off and on, for a total of approximately 6 hours"). Plaintiff fails to provide any authority for his interpretation that the word "may" implies the person may be required to stand for the two remaining hours, and thus must be able to stand and walk for over six hours.

Second, numerous courts have interpreted SSR 83-10 to entail the ability to stand and walk for only six hours. See Bailey v. Astrue, 2010 WL 1233459, at *4 (C.D. Cal. Mar. 22, 2010) ("By definition, therefore, Plaintiff's contention that 'many jobs . . . may require an individual like the plaintiff, to sit, stand and/or walk for more than six hours in an eight hour day' is without support."); James T. v. Saul, 2019 WL 3017755, at *2 (C.D. Cal. July 10, 2019) ("ALJs and VEs . . . have understood medium work as requiring the

ability to stand or walk for up to 6 hours."); Christopher P. v. Saul, 2020 WL 551596, at *3 (C.D. Cal. Jan. 31, 2020) ("By definition, a full range of medium work involves . . . standing or walking up to approximately six hours in an eight-hour workday."); Rector v. Colvin, 2014 WL 794636, at *6 (S.D. Cal. Feb. 26, 2014) (reasoning that medium work corresponded to a finding that a plaintiff could "stand/walk for six hours in an eight-hour work day.")

      Plaintiff nevertheless argues Mitzi D. v. Saul, 2019 WL 8112507 (C.D. Cal. Dec. 13, 2019), support his argument that one must have the ability to stand or walk for *more* than six hours a day because the court stated, "[a]pproximately six hours a day does not mean a maximum of six hours a day." Id. at *2. But Mitzi ultimately held for the Commissioner, explaining that "[g]iven that SSR 83-10 has been in play for over thirty years, there is no reason to think the VE understood light work to encompass anything other than approximately six hours of standing or walking." Id. Plaintiff also cites Linda H. v. Saul, where a vocational expert stated that "most" medium jobs do not allow up to two hours of sitting and require being on one's feet eight hours a day. Linda H. v. Saul, No. CV 19-4321-PLA, 2020 WL 1244359, at *4 (C.D. Cal. Mar. 16, 2020). Given the cases cited in the previous paragraphs, this Court is not persuaded by the vocational expert's statement.

      In light of the above case law, this Court is persuaded that medium work does *not* require Plaintiff to have the ability to stand and walk for a total of *more* than six hours per day and, accordingly, Dr. Milstein opined that Plaintiff was capable of medium work. Thus, Plaintiff's argument that the ALJ "erred in assuming that the opinion of Dr. Milstein is consistent with medium work" is without merit. *(Pl.'s Obj.* at 7.)

      Plaintiff next argues the hypothetical the ALJ posed to the vocational expert ("VE") was incomplete. (*Pl.'s Obj.* [Doc. 19] at 7–8.) Plaintiff did not raise this issue in his summary-judgment motion. (*See Pl.'s MSJ* [Doc. 14].) However, this Court will review this issue because the Report briefly discussed it. (*See Report* [Doc. 18] at 17–18.)

The ALJ referred to "medium work" in the hypothetical posed to the VE without mentioning Plaintiff's specific standing and walking limitations. (*See AR* 49.) Although Plaintiff argues that failing to include these limitations renders the hypothetical incomplete, courts have held that reference to medium work encompasses the ability to walk or stand, off and on, approximately six hours in an eight-hour day.

As one district court stated, "the ALJ's reference to medium work [in the RFC] *supplied a 6-hour limitation on walking and standing*, and the ALJ did not pose an incomplete hypothetical to the VE." James, 2019 WL 3017755, at *2 (emphasis added). In another case, in response to plaintiff's argument that the ALJ's failure to incorporate the six-hour limitation on standing or walking into the hypothetical rendered the hypothetical incomplete, the district court stated "the ALJ's reference to medium work in his hypothetical sufficiently capture[d] the standing and walking limitations." Christopher, 2020 WL 551596, at *3.

Although a magistrate judge in another district court found the ALJ erred in failing to specifically include the six-hour walking/standing limitation in the hypothetical to the VE, the facts of that case were significantly different than the facts of the present case. See Linda, 2020 WL 1244359, at *5. In Linda, the ALJ *specifically found* the plaintiff retained the RFC to perform medium work and was able to *stand and/or walk* 6 hours in an 8-hour workday. Id. at *2–3 (emphasis added). "In his RFC determination, the ALJ *specifically* included a six-hour walking limitation. Yet, no such limitation was included in the hypothetical to the VE . . . .." Id. at *5 (emphasis in original). Thus, the ALJ's failure to include those limitations—i.e., the ability to stand and/or walk 6 hours in an 8-hour workday—in his hypothetical rendered it incomplete. Id. at *5.

Here, the ALJ did *not* specifically find Plaintiff's six hour standing and walking limitations in his RFC determination. The ALJ only found:

> [Plaintiff] has the residual functional capacity to perform medium work as defined in 20 C.F.R. 416.967(c), except he has the following additional limitations: he can frequently perform postural activities but cannot climb ladders, ropes, or scaffolds; he can have no concentrated exposure to extreme

>  heat or extreme wetness; no exposure to hazards; and is limited to performing simple and routine tasks in a nonpublic setting with no more than occasional interactions with coworkers or supervisors in a habituated work setting.

(*AR* 23.)  Because the ALJ did *not* specifically find Plaintiff's standing and walking limitations, the ALJ was not required to include these specific limitations in the hypotheticals posed to the VE.  Accordingly, this Court is satisfied that this case is adequately distinguished from Linda and finds the ALJ did not pose an incomplete hypothetical to the VE.

## IV. CONCLUSION AND ORDER

For the reasons stated above, the Court **ADOPTS** the Report [Doc. 18], **GRANTS** the Commissioner's motion for summary judgement [Doc. 16], and **DENIES** Plaintiff's motion for summary judgement [Doc. 14].

**IT IS SO ORDERED.**

Dated:  October 13, 2020

Hon. Thomas J. Whelan
United States District Judge